IN THE UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| Z.W. By and Through | : | |
| His Parent and Natural Guardian | : | |
| K.P., of Lebanon, PA | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | NO. |
| CORNWALL LEBANON SCHOOL DISTRICT | : | |
| 105 East Evergreen Road | : | |
| Lebanon, PA 17042 | : | |
| | : | |
|     Defendant. | : | |

## COMPLAINT

**I.     Preliminary Statement**

1.    This action is brought by Z.W. and his parent K.P. (collectively, "Plaintiffs or the "Family"). Z.W. is a young man identified pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et. seq., and who is also a Protected Handicapped Student under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C.A. § 794. This matter is an action to recover reasonable attorneys' fees and costs of the prevailing party pursuant to the decision of a Pennsylvania Special Education Hearing Officer that ordered that the Defendant Cornwall Lebanon School District ("District") provide to Z.W. a considerable amount of compensatory education for the District's failure to provide Z.W. with the free appropriate public education ("FAPE") required by the IDEA and Section 504. Because the Hearing Officer awarded the Family much of the relief that the Family sought in the Due Process proceedings,

1

Plaintiffs are the prevailing parties and entitled to an award of reasonable attorneys' fees and costs pursuant to IDEA and Section 504.

**II.     Parties**

2.     Z.W. was at all relevant times enrolled in and attended school in the District and resided in the District.

3.     K.P. is Z.W.'s parent and at all relevant times resided in the District.

4.     The District is located at 105 East Evergreen Road, Lebanon, PA 17042.  On information and belief, the District is the recipient of several sources of federal funds and is a Local Education Agency ("LEA") designated by Pennsylvania law and the Pennsylvania Department of Education for the provision of educational services to individuals residing therein.

**III.    Jurisdiction and Venue**

5.     This Court has original jurisdiction over this appeal pursuant to 28 U.S.C. § 1331 because this case raises federal questions under the IDEA and Section 504.

6.   Plaintiffs have exhausted their administrative remedies where required under 20 U.S.C. § 1415(i), having timely pursued a special education Due Process proceeding.

7.   All of the Defendant's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391.

**IV.    Additional Fact Supporting Liability**

8.      The Due Process Hearing was conducted in four sessions.  In his decision dated March 18, 2022, the presiding Hearing Officer correctly held that the District failed to provide Z.W. a FAPE from April 9, 2020 through June 4, 2021.  The Hearing Officer awarded Z.W., for each day he attended school, three and a half (3.5) hours of compensatory education per day from April 9, 2019, to June 4, 2019; three and a half (3.5) hours of day of compensatory education from August 2019 through March 13, 2020; and six and a half (6.5) hours a day of compensatory education from April 1, 2020, to June 4, 2020.  The Hearing Officer reduced the award by ten (10) school days, March 13, 2020 to April 1, 2020, to reflect the initial time the District closed due to the COVID mandatory school closure and an additional one (1) hour per day from April 1, 2020 to June 4, 2020 for equitable purposes.  Thus, in total, the Hearing Officer awarded the student a total of six hundred seventy-four and one quarter hours (674.25) in compensatory education.

9.      Plaintiffs are the prevailing parties below, having obtained the relief they sought in the Due Process hearing, i.e., a substantial award of compensatory education.  Therefore, Plaintiffs are entitled to an award of statutory attorneys' fees and costs as the prevailing parties.  20 U.S.C. § 1415(i)(3)(B)(i); 29 U.S.C.A. § 794a.

10.     The District has to date failed to remit Plaintiffs' reasonable attorneys' fees and costs.  Therefore, Plaintiffs bring this action to obtain an award of reasonable attorneys' fees and costs under the IDEA and Section 504.

V.       **Statutory Authority**

11.    The purpose of the IDEA is to ensure that "all children with disabilities have available to them a free and appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). IDEA and the regulations thereunder, 34 C.F.R. § 300.100 et seq., and 22 Pa. Code Chapter 14, require that LEAs like the District must provide disabled children with a FAPE, as well as provide extensive due process procedures to effectuate that right.

12.     The IDEA and its regulations establish a comprehensive format by which a child with a disability must be evaluated, his classification must be determined and an appropriate program of special education with "related services" must be developed and implemented.  The program must be developed jointly by LEA officials and each disabled child's parents through an Individualized Education Plan ("IEP").  Shore Regional High School Bd. Of Educ. v. P.S., 381 F. 3d 194, 198 (3d Cir. 2004); Ridgewood Bd. of Educ. v. N.E., 172 F.3d 238, 247 (3d Cir. 1999); Polk v. Central Susquehanna Intermediate Unit 16, 853 F.2d 171, 184 (3d Cir. 1988).  The right bestowed upon students and families by the IDEA are enforceable through multi-level administrative and judicial proceedings. 20 U.S.C. § 1415; 34 C.F.R. §§ 300.507; 300.511-300.516.

13.    When a District fails to provide FAPE under the IDEA, it is well settled that compensatory education is an available remedy for the student. Lester H. v. Gilhool, 916 F.2d 865, 868-69 (3d Cir. 1990); Ridgewood, 172 F.3d at 250 n. 11. Compensatory education is designed to provide eligible students with the services they should have

received pursuant to a FAPE. Lester H., 916 F.2d at 873 (holding that an award of compensatory education merely compensated the student for an inappropriate placement, belatedly allowing student to receive the remainder of his FAPE). The amount of compensatory education is calculated by finding the period of deprivation of special education services and excluding the time reasonably required for the school district to rectify the problem.  M.C. v. Central Regional School Dist., 81 F.3d 389, 397 (3d Cir. 1996).  Thus, compensatory education is an in-kind remedy intended to provide educational services denied to a child by a school district's failure to provide an FAPE. Lester H., 916 F.2d at 873.

14. Pursuant to the above standards, the hearing officer found that the district failed to provide Z.W. with a FAPE during the end of 2018-2019 and a substantial part of his 2019-2020 school year and ordered the District to provide Z.W. compensatory education for the time period at issue period.

15. The IDEA permits recovery of reasonable attorneys' fees by parents who prevail in an action or proceeding thereunder.  20 U.S.C.  § 1415(i)(3)(B); 34 C.F.R. § 330.517.

16. The Third Circuit has held that any denial of FAPE violates both the IDEA and Section 504.  Andrew M. v. Delaware County Mental Health and Mental Retardation, 490 F.3d 337, 350 (3d Cir. 2007) (when states fail to provide a free an appropriate education as promised to a disabled student, it violates both the IDEA and Section 504). Thus, the substantive requirements of Section 504 in the education context are at least equivalent to the requirements under the IDEA and, in some circumstances, provide additional protections to students with disabilities and their families.  James v. School

Dist. Of Philadelphia, 559 F. Supp. 2d 422, 426 (E.D. Pa. 2002)); Lauren G. v. West Chester Area School Dist., 906 F. Supp.2d 375, 392-93 (E.D. Pa. 2012.)

17. Therefore, because the District denied FAPE to Z.W., it also violated Section 504. Moreover, because Section 504 protects a broader class of persons with disabilities and also offers protections beyond the provision of a FAPE, an LEA may violate section 504 independently of any violations of IDEA. Lauren G. v. West Chester Area School Dist., 2012 WL 5400215 at *12 (E.D. Pa. Nov. 6, 2012) (granting tuition reimbursement for school district's failure to provide FAPE under Section 504 during period of time for which no relief was granted under IDEA.)

18. Because the District violated both IDEA and Section 504, Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs pursuant to Section 504.  29 U.S.C.A. § 794a.

19. Plaintiffs are the prevailing parties below, having obtained a substantial award of compensatory education in the Due Process hearing.  Therefore, Plaintiffs are entitled to an award of statutory attorneys' fees and costs as the prevailing parties.  20 U.S.C. § 1415(i)(3)(B)(i); 29 U.S.C.A. 794a.

20. A party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its entitlement to attorneys' fees.  Planned Parenthood of Central New Jersey v. Attorney General of the State of New Jersey, 207 F.3d 253, 268 (3d. Cir. 2002)( citing Prandini v. National Tea Co.,585 F.2d 47, 53 (3d Cir. 1978)).

WHEREFORE, the Plaintiffs respectfully request that this Court:

1. Assume jurisdiction over this action;

2. Hear additional evidence as appropriate pursuant to 20 U.S.C. § 1415(i)(2)©(ii).

3. Award Plaintiffs reasonable attorneys' fees and costs, including expert costs, for both the Due Process proceedings and the present action; and

4. Grant such relief as this Court deems proper.

                    Respectfully submitted,

                    *Jennifer M. Lukach*

                    Jennifer M. Lukach
                    ID no. 84087


                    **Bradley Goldsmith Law, LLC**
                    Attorneys for Plaintiffs
                    1290 Broadcasting Road
                    Wyomissing, PA 19610
                    (610) 750-5565 (phone)
                    (610) 750-5575 (fax)